2008-01263
FILED
May 19, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0001833835

DAVID J. BROWN, ESQ. (SBN 56628)
MBV LAW LLP
855 Front Street
San Francisco, California 94111
Telephone:  (415) 781-4400
Facsimile:   (415) 989-5143
E-mail:      davidbrown@mbvlaw.com

Attorneys for Defendant Great Atlantic
Capital Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

FRESNO DIVISION

In re

BIG3D, INC. dba BIG3D.COM

          Debtor.

BIG3D, INC.,

          Plaintiff,

v.

GREAT ATLANTIC CAPITAL
CORPORATION,

          Defendant.

CASE NO. 08-16768-B-11
Adversary Proceeding No. 08-01263
DC No. DJB-2

Chapter 11
SECOND
**STIPULATION GRANTING FURTHER LIMITED ADJUSTMENT OF POST-PETITION PAYMENT OBLIGATION; ORDER**

PLEASE TAKE NOTICE that Big3D, Inc ("Big3D") and Great Atlantic Capital Corporation ("GACC") stipulate and agree as follows:

1. Under the agreements and order affecting the rights of Big3D, Inc ("Big3D") and Great Atlantic Capital Corporation ("GACC") that Big3D, as debtor-in-possession, failed timely to make payment to GACC on March 9, 2009 of $14,800.00. This payment was due pursuant to that (a) Equipment Lease between Big3D and GACC with respect to one 1990 Mitsubishi 3-F 7/C Seven Color 40" Shearfed Offset Press S/N 170 and related

STIPULATION RE PAYMENT OBLIGATION; ORDER

RECEIVED
May 15, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001833835

equipment and parts, as said Equipment Lease was modified as to payment date by agreement evidenced via e-mail on January 23, 2009 between David J. Brown and Hilton Ryder, and (b) the Order of this Court of February 2, 2009, entitled Order: (1) Authorizing Compromise of Controversy (2) Approving Stipulation for Relief from Stay and for Adequate Protection Payments as to Great Atlantic Capital Corporation; and (3) Authorizing Debtor to Enter into an Agreement for the Purchase and Installation of Printing Press other than the Ordinary Course of Business. Said Order provides in part that "IT IS FURTHER ORDERED that the loans contemplated under the Agreement are hereby authorized and the terms of such documents are incorporated into this order." Said Order also provides in part that:

> IT IS FURTHER ORDERED that upon the event of any default as provided in the Agreement and related documents, . . . (2) the automatic stay shall terminate with respect to GACC and GACC shall be entitled to foreclose on any collateral upon ten days notice to all parties entitled to receive notice of this financing order, without further order of this Court.

2. That on March 13, 2009, GACC made demand for immediate payment of the $14,800 with respect to the payment default of Big3D, and gave notice that the automatic stay pertaining to GACC was terminated.

3. That GACC agreed by stipulation and order to accept interest only payments of $3,648.33 for the months of March and April 2009, with the principal amounts due in March and April 2009, being deferred until the end of the term of the loan.

4. That under that stipulation and order, the March interest payment must be made within two business days after entry of the order below, and the April payment must be made on or before April 9, 2009.

5. The payments set forth in paragraph (3) above were made;

6. That Big3D has failed to make its full monthly payment due on May 9, 2009 and has asked that it be permitted only to make an interest payment instead.

7. Big3D and GACC agree as follows as to Big3D's payment obligation originally due May 9, 2009:

i. An interest only payment of $3,648.33 will be made by Big3D on or

410185

before May 15, 2009 in good funds, with the principal amount that was due in May, 2009, being deferred until the end of the term of the loan.

ii. Big3D will pay GACC on or before June 9, 2009, an additional sum of $2,400.00 toward its attorneys' fees incurred regarding the March and May full payment defaults.

iii. If the payments set forth in paragraph (i) and (ii) above are timely made, no further action will be taken on the March or May payment defaults but the termination of the automatic stay remains in place as a result of the March payment default.

BIG3D, INC.

Dated: May ___, 2009.          By _____
                                    Thomas Saville

GREAT ATLANTIC CAPITAL CORPORATION

Dated: May 14, 2009.           By _____
                                    John F. Wallace

APPROVED AS TO FORM:

_____
Hilton A. Ryder
Attorney for Plaintiff Big3D

_____
David J. Brown
Attorney for Defendant Great Atlantic
Capital Corporation

## ORDER

before May 15, 2009 in good funds, with the principal amount that was due in May, 2009, being deferred until the end of the term of the loan.

ii. Big3D will pay GACC on or before June 9, 2009, an additional sum of $2,400.00 toward its attorneys' fees incurred regarding the March and May full payment defaults.

iii. If the payments set forth in paragraph (i) and (ii) above are timely made, no further action will be taken on the March or May payment defaults but the termination of the automatic stay remains in place as a result of the March payment default.

BIG3D, INC.

Dated: May 12, 2009.     By _____
                              Thomas Saville

GREAT ATLANTIC CAPITAL CORPORATION

Dated: May 12, 2009.     By _____
                              John F. Wallace

APPROVED AS TO FORM:

_____
Hilton A. Ryder
Attorney for Plaintiff Big3D

_____
David J. Brown
Attorney for Defendant Great Atlantic
Capital Corporation

## ORDER

-3-   STIPULATION RE PAYMENT OBLIGATION; ORDER

410185

IT IS SO ORDERED.

Dated: May 19, 2009

_W. Richard Lee_
W. Richard Lee
United States Bankruptcy Judge